IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **MARVIN R. ANDERSON,** ) | |
| ) | |
| **Movant,** ) | |
| ) | **Civil Action No. 5:04-1078** |
| ) | **(Criminal Action No. 5:99-0239-02)** |
| **v.** ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Movant's Motion to Set Aside Sentence Pursuant to Federal Rules of Civil Procedure Rule 60. (Document No. 273.)[1] Movant claims that in sentencing he was assessed a criminal history point for an April 4, 1993, DUI conviction when in fact the charge was dismissed. Movant attaches a copy of the Criminal Case History of the Magistrate Court of Greenbrier County, West Virginia, indicating that he was arrested and charged with DUI on April 4, 1993, and the charge was dismissed in May, 1993. Movant also attaches a copy of the page of his Presentence Investigation Report indicating that on April 4, 1993, Movant was charged with first offense DUI, obstructing an officer and battery and that Movant pled guilty to the DUI charge on December 21, 2003, and was sentenced to five days in jail and fined. For this, Movant was assessed one criminal history point.

---

[1] Because Movant is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer, and therefore, are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## **FACTUAL BACKGROUND**

By ten-count Indictment filed on December 20, 1999, Movant was charged along with four other persons with conspiring and aiding and abetting each other in distributing and distributing marijuana and cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. § 2. (Document No. 1 in 5:99-0239.) On February 24, 2000, Movant entered a written plea agreement with the United States indicating his agreement to plead guilty to count one of the Indictment, the conspiracy count. (Document No. 91 in 5:99-0239.) On March 7, 2000, Movant pled guilty to count one of the Indictment. (Document No. 98 in 5:99-0239.) Movant's sentencing was delayed as evaluations were conducted to determine his mental status. The District Court found Movant competent. On November 20, 2000, the District Court sentenced Movant to serve 121 months in prison and a three year term of supervised release. (Document No. 175 in 5:99-0239.) In sentencing Movant, the District Court found that he had obstructed justice by making conflicting statements under oath about amounts of cocaine attributable to his co-Defendants and minimizing his own role in the offense and thereby impaired the presentence investigation in his co-Defendants' cases. The District Court increased Movant's Offense Level by two levels for his obstruction pursuant to U.S.S.G. § 3C1.1 and did not award Movant credit for acceptance of responsibility. Movant did not contest the obstruction of justice adjustment. Movant appealed filing his Notice of Appeal on November 29, 2000. (Document No. 177.) On appeal, Movant contended that the District Court erred in failing to recognize that his cooperation with authorities and guilty plea entitled him to a reduction of his sentence for acceptance of responsibility under 3E1.1 of the United States Sentencing Guidelines. The Fourth Circuit Court of Appeals affirmed the District Court's sentence by unpublished opinion.

United States v. Anderson, 18 Fed.Appx. 139, 2001 WL 1032383 (4th Cir.(W.Va.)), *cert. denied by* Cox v. United States, 534 U.S. 1139, 122 S.Ct. 1089, 151 L.Ed.2d 988 (2001).

On March 25, 2002, Movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and a Brief in Support. Anderson v. United States, Civil Action No. 5:02-0268, Document Nos. 226 and 227. Movant asserted that his trial and appellate counsel was ineffective in representing him and he was entitled to a reduction of his sentence under Rule 35 of the Federal Rules of Criminal Procedure. The undersigned filed Proposed Findings and Recommendation that Movant's Motion be dismissed. Anderson v. United States, Civil Action No. 5:02-0268, Document No. 253. By Memorandum Opinion and Order filed on December 2, 2003, the District Court overruled Movant's objections to the undersigned's Proposed Findings and Recommendation, denied his Motion and dismissed the action. Civil Action No. 5:02-0268, Document No. 256. Movant appealed, and in June, 2004, the Fourth Circuit Court of Appeals dismissed his appeal. United States v. Anderson, 100 Fed.Appx. 220 (4th Cir. 2004).

On October 4, 2004, Movant filed his Motion to Set Aside Sentence Pursuant to Federal Rules of Civil Procedure Rule 60 which is the subject of this Proposed Findings and Recommendation. (Document No. 273.)

## **DISCUSSION**

Movant's Motion for Relief from Judgment under Rule 60(b) fails procedurally. First, Movant's Motion must be regarded or construed consistently with authority in this and other Circuits as a successive Motion under 28 U.S.C. § 2255 without authorization.[2] The Fourth Circuit stated as

---

[2] In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act (AEDPA) which, among other things, established procedural requirements for the filing of second or successive Section 2255 motions. Section 2255 requires by reference to 28 U.S.C. § 2244 that a

3

follows in United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003), quoting from the United States Supreme Court's decision in Calderon v. Thompson, 523 U.S. 538, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998):

> [W]e now hold that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application[.]'

The Fourth Circuit provided a framework for distinguishing proper Rule 60(b) motions from successive Section 2255 applications in United States v. Winestock, 340 F.3d at 206 - 207 (Citations and footnote omitted.), as follows:

> We emphasize that we do not require that all Rule 60(b) motions be treated as successive applications; instead the proper treatment of the motion depends on the nature of the claims presented. * * * There may be no infallible test for making this distinction, but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will properly be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence. By contrast, an example of a proper Rule 60(b) claim is an allegation that the government agents perpetrated a fraud on the court during the collateral review proceedings.

By his Motion to Set Aside Sentence Pursuant to Federal Rules of Civil Procedure Rule 60 (Document No. 273.), Movant is plainly challenging the District Court's determination of his sentence. He is not claiming that error occurred in his Section 2255 proceedings. Under these

---

person seeking to file a second or successive first receive permission to do so from the appropriate Circuit Court of Appeals. The Court of Appeals may authorize the filing of a second or successive Section 2255 motion if the motion is based upon "(1) newly discovered evidence . . .; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2255 and 2244(b)(2)(A).

circumstances, Movant's Motion must be regarded a successive application under Section 2255 without the authorization of the Fourth Circuit Court of Appeals, and the District Court must dismiss it for lack of jurisdiction.[3]

### PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Motion to Set Aside Sentence Pursuant to Federal Rules of Civil Procedure Rule 60 (Document No. 273.) and remove this matter from the Court's docket.

The Movant is notified that these Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Movant shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and

---

[3] Considering Movant's claim on its merits though the District Court lacks jurisdiction to do so, the undersigned finds that while the information related in the Presentence Investigation Report is incomplete, Movant was nevertheless properly assessed one criminal history point for a DUI conviction in 1993. As appears from the records of the Office of Probation, a Probation Officer's search of the records of Greenbrier County prior to Movant's sentencing disclosed that Movant was charged on April 4, 1993, with DUI, two counts of obstructing/resisting an officer, battery and two counts of destruction of property. As Movant indicates, the DUI count was dismissed on May, 17, 1993, but the dismissal was without prejudice. The DUI was recharged on August 24, 1993. At a bench trial in December, 1993, Movant was found guilty of the obstructing/resisting and destruction of property charges and sentenced to five days in jail, and required to pay a $100 fine and $82 in court costs. Movant was also convicted of the DUI and sentenced to four days in jail to be served consecutively to his five day sentence for obstructing/resisting and required to pay a $250 fine and $82 in court costs.

Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served upon the presiding United States District Judge Johnston and this Magistrate Judge.

The Clerk is directed to file these Proposed Findings and Recommendation and to mail a copy of the same to Movant, who is acting *pro se* in these proceedings.

Date: November 8, 2007.

R. Clarke VanDervort
United States Magistrate Judge